JONES, Justice.
Appellee literally had some dirty linen— not to be washed in public, but at a site where all members of the public similarly situated were invited. Appellant represented himself to the public as having a place and equipment, at which and in which, same, for monetary consideration, might be cleansed. It was and is commonly known as a laundermat, where clothes are washed and dried in machines set in operation by the deposit of a coin — in this case, a quarter.
Appellee and his wife had recently returned to Wesson from Chicago. Before returning, new clothes, certain linens, two girdles, and two rugs, were considered as at least desirable, therefore, same were purchased at a total cost of $143.
Having utilized these new items to the point where they required a first washing, on a morning in April 1965, appellee and his wife carried them to the laundermat owned by appellant. They were placed in a washing machine, which functioned correctly, and in due course, the clothes, etc., undamaged, were removed from the washer.
*831 There was a drying machine nearby, over which was a sign advising that for twenty-five cents things might be dried for thirty minutes. Appellee placed the items in this dryer and inserted a coin, which started it to operating. Appellee’s wife left the room and sat in her car, which was parked outside the building, while appellee remained inside for approximately twenty-five minutes. He then looked at the dryer again, and it was afire. The dryer used natural gas. Immediately upon discovering the fire, appel-lee’s surroundings interested him no more, except the exit through which he went to his car where his wife was waiting. He then ran to a nearby grocery store to report the occurrence. One boy returned to the building and tried to pull the switch, but it could not be reached. No fire extinguishers were available, and no one was present to supervise operations for appellant.
The only sign in the building was the one heretofore mentioned. Appellee testified he had used similar dryers for the same type 'clothes and items and had had no difficulty. The items placed in the dryer were listed with their cost and proven by ap-pellee and his wife. There was no salvage value to the ashes. On these facts appellee filed suit in a justice court of Copiah County.
Appellant counterclaimed, asserting that appellee should have known better than to use the equipment as he did, that is, by the mixing of different items, some of which were more inflammable than others. It was not shown that appellee knew or was advised not to mix the items. The counterclaim was for $156.41 damage to the dryer.
The jury in the justice court returned a verdict for appellee. On appeal to the Circuit Court of Copiah County, the case was tried before the judge without a jury, and judgment was given for appellee. We affirm.
Appellant had been in the business for a year. The machine used was pre-set as to temperature and could not be changed by customers. There were no instructions posted as to the use of the dryer and nothing advising not to put girdles, rugs or any other items in the dryer. The only sign of any kind was one showing the cost and length of operation.
Evidence by appellant that he had signs on order at the time of the fire was admitted. One sign advised customers to “clean: pockets of bolts, nails, etc., as these might damage the machines.” Another said, “our dryers are hot.” Another advised to “watch carefully on nylons, rubber and synthetic-goods,” and another said, “We are not responsible for articles lost or damaged.” As stated, none of these signs were displayed at the time of the fire, and, though on order, it is interesting to note that none advised or warned against mixing different fabrics.
The only authorities found by us or cited as to the liability of operators of launder-mats are as to personal injuries, where they are held liable for negligence. Stephens v. McGuire, 184 Kan. 46, 334 P.2d 363, 69 A.L.R.2d 1221, 1228 (1959). The other authorities cited relate to regular laundries or dry cleaners. 33 Am.Jur. Laundries §§ 12, 13 (1941); Annot., 130 A.L.R. 1359 (1941).
The proof shows without conflict that the dryer was owned by appellant; it was under his control; the business was operated by appellant; the drying operation could only be started by the insertion of a coin; that he, appellee, could not adjust the temperature or otherwise change its operations. There was no proof of the presence of any metal in the clothes.
However, appellant says the mixing-of rubber goods, such as girdles and rugs, with the other fabrics, should not have been done. There is no proof that appellee was aware of such fact. As stated by the judge who tried the case: “I probably would have made the same mistake that the plaintiff did.” If there were limitations upon the use of the machine, the appellant should have taken steps to see that those who accepted his invitation to use it were advised of such limitations. This was not done, and *832 we hold there was negligence proximately contributing to the loss.
 Appellant represented to appellee and the general public that the machines owned by him were fit, suitable and safe for washing and drying clothing, linens, etc.; that appellee was invited for a consideration to use the machine as he did. Thus, having accepted said invitation, by showing the destruction of his goods by fire in the operation, appellee made a prima facie case which required of appellant a showing of lack of negligence on his part, which requirement was not met.
One assignment of error is that there was insufficient proof to support the amount of the judgment as to the value of the destroyed items. As to this the lower court held:
“The value of the goods, property destroyed and their cost can’t be distinguished in this case. They were new. One value is the same as the other. The garments had only been worn one time and for all practical purposes they were worth their original cost to the plaintiff. So I am going to enter a judgment against the defendant for $141.00 and cost, and deny any recovery to the defendant on his cross action.”
This is in accord with the holding of this Court as to damages to such items in State Stove Mfg. Co. v. Hodges, 189 So.2d 113, 124 (Miss.1966), where there was cited with approval the following statements from the annotation in 63 A.L.R. 241, 254 (1929):
“ ‘It is generally held that the amount of recovery for the loss or conversion of, or injury to, wearing apparel or household goods, is not limited to the price which could be realized by a sale in the market; but that the owner may recover the value of the goods to him, based on his actual money loss resulting from his being deprived of the property, or the difference in actual value caused by the injury, excluding any fanciful or sentimental values which he might place on them.’ ”
“ ‘In determining the measure of damages for the loss or conversion of, or injury to, wearing apparel or household goods, evidence of the cost of the articles when new, in connection with evidence of the wear and tear, the length of time they have been in use, their condition at the time of the loss or injury, the expense of replacing them with other goods of a similar kind and in a similar condition, and any other facts which will enable the jury to determine the worth of the goods to the owner at the time of the loss, is proper for the consideration of the jury.’ ”
We affirm the case on direct and cross-appeal.
Affirmed on direct and cross-appeal.
ETHRIDGE, C. J., and RODGERS, BRADY and INZER, JJ., concur.