211 So.2d 537 (1968)
Kay THOMPSON, Minor, by her Guardian, Allen B. Thompson
v.
Jack REILY and Mrs. Linnie Culpepper.
No. 44948.
Supreme Court of Mississippi.
June 10, 1968.
*538 Dunn & Singley, Meridian, for appellant.
Huff, Williams, Gunn, Eppes & Crenshaw, Meridian, for appellees.
INZER, Justice.
Appellant, Kay Thompson, a minor, suing by and through her guardian, Allen B. Thompson, brought suit in the Circuit Court of Lauderdale County against Jack Reily and Mrs. Linnie Culpepper seeking to recover damages for personal injuries suffered as a result of her hand being caught in an automatic washing machine. The circuit court sustained a motion on behalf of the defendants for a directed verdict and a judgment was entered dismissing the suit.
Appellant assigns as error the action of the trial court in sustaining the motion for a directed verdict.
The declaration charged that Jack Reily owned and operated a self-service laundry in Meridian and that in his place of business he offered for hire electric washing machines which could be used by customers for twenty-five cents. It was charged that each machine had a large drum or cylinder inside which revolved and spun the clothes at high speed until the washing cycle was completed, at which time the machines would automatically cut off and the cylinder would stop. Each machine also had a safety switch located in the framework. When a machine was in operation and the door was opened, this switch would automatically turn the machine off. It was further charged that on July 3, 1962, appellant, Kay Thompson, who was then thirteen years of age, accompanied her grandmother, Mrs. Minnie Collins, to the business establishment owned by Jack Reily and managed by Mrs. Culpepper, to use one of the machines. Mrs. Culpepper selected a machine for their use, and the minor and Mrs. Collins assumed, and had a right to assume, that the machine was reasonably fit for the purpose for which it was hired and was in proper condition for the use for which it was intended. It was also charged that the warranty of the machines being in proper condition was breached and that as a result thereof the minor was seriously and permanently injured.
The declaration charged as fact that Mrs. Collins placed her clothes in the machine and deposited a quarter, and that the machine began its operation; that upon completion of the cycle the machine stopped its operation, and Mrs. Collins, assisted by her granddaughter, went to the machine and began to remove the clothing; that while the minor was removing a sheet the drum or cylinder inside the machine, without warning, began to spin at a high rate of speed, wrapping the sheet around her arm in such a manner that she was unable to remove it; that although Mrs. Collins tried to remove the sheet, she could not, and it was only when Mrs. Culpepper pulled the plug from the socket, shutting off the electricity to the machine, that it stopped; and that as a result of a defect in the machine which was unknown to the minor or her grandmother, the minor was injured. It was also charged that the defendants knew or should have known of such defective condition at the time the machine was selected for use by Mrs. Collins; that appellees had full charge and control of the machine; that neither Mrs. Collins nor the minor had any control over the care or inspection of the machine and its parts; and that the injuries to the minor would not have resulted if appellees had complied with their warranty that the machine was fit for the use intended. The testimony offered on behalf of appellant substantiates the allegations recited in the declaration.
Appellees admitted in their answer that the machines operated in substantially the *539 manner described in the declaration, but it was denied that the machines were potentially dangerous. It was admitted that an operating machine could be stopped at any time by opening its door and that a customer could interrupt the cycles of a machine at any time by opening the door, that the customer had complete control of the machine in this respect. It was admitted that the minor accompanied Mrs. Collins to the place of business on the day and at the time in question and that Mrs. Collins was a customer, but it was charged that Kay Thompson was only a licensee on said occasion. It was denied that the machine used by Mrs. Collins was selected for her by Mrs. Culpepper and also that the machine she used was not fit and proper for its intended use. It was denied that there was any warranty, express or implied, between the appellees and Kay Thompson. It was also denied that the accident happened as charged in the declaration, and charged rather that Kay Thompson opened the door and put her hand in the machine at a time when the cylinder or drum was still turning, and that she knew, or should have known, that when the door of the machine was opened, it was normal for a delay to occur before the drum stopped its operation. It was specifically denied that any warranty existed between the defendants and Kay Thompson, and it was charged that she acted as a volunteer or under the control and direction of her grandmother. It was alleged that when Mrs. Collins deposited a quarter in the machine, it was in her sole possession and control. It was admitted that the minor was injured, but it was denied that the injuries resulted from any act, omission, or breach of warranty or duty on the part of the defendants. The defendants also set up five affirmative defenses, including the defense that Kay Thompson was not a party to any transaction between Mrs. Collins and the defendant Jack Reily. Appellant answered the affirmative defenses and denied the factual allegations contained therein.
Appellant urges that this case is controlled by our decision in McManus v. Temple, 195 So.2d 830 (Miss. 1967), and that by virtue of the pleadings and the evidence, she made a prima facie case of liability. The trial judge in passing on the motions of the defendants for a directed verdict noted that this suit was based on the theory of implied warranty. He was of the opinion that McManus, supra, was not controlling, and he relied upon the decision in Brookshire v. Florida Bendix Company, 163 So.2d 881 (Fla. 1964), wherein the Florida Supreme Court affirmed a decision of the Court of Appeals of Florida reported in 153 So.2d 55 (Fla. 1963). We hold that our decision in McManus controls this case. There we said:
Appellant represented to appellee and the general public that the machines owned by him were fit, suitable and safe for washing and drying clothing, linens, etc.; that appellee was invited for a consideration to use the machine as he did. Thus, having accepted said invitation, by showing the destruction of his goods by fire in the operation, appellee made a prima facie case which required of appellant a showing of lack of negligence on his part, which requirement was not met. 195 So.2d at 832.
Appellees represented that the washing machine owned by Jack Reily and supervised by Mrs. Culpepper was fit, suitable and safe for washing clothes. Mrs. Collins had taken her granddaughter to this establishment many times before, and her granddaughter had assisted her in taking clothes out of the machines on other occasions, although she had never actually operated the machines. The proof is clear that it was customary for customers of the laundromat to bring their children there, and that many times children came there without an adult to use the machines. The laundromat was open twenty-four hours a day, and during the day there was an attendant present. Insofar as the implied warranty is concerned, the facts in this case may be readily distinguishable from those in Brookshire, supra. That case did *540 not involve a laundromat operation. The washing machines there were not on the premises of the owner of the machines and were not under his supervision and control. They were located in an apartment building, under an arrangement whereby the owner of the machines and the operator of the apartment building shared the profits earned by the machines. Here the machine in question was on the premises of the owner of the machine and the machine itself was actually under the control and supervision of the owner's agent and servant. She designated the machine that Mrs. Collins was to use. Much is said in the brief concerning Mrs. Collins having had complete control and supervision of the machine at the time of the injury. The only part of the machine that Mrs. Collins had control of was that part in which, for a fee, she placed her clothing. She had no control or supervision of the working parts of the machine other than those that she could control by the switch or safety switch operated by opening or closing the door. The machine itself remained in the possession of the owner, and the only right that Mrs. Collins had was that of placing her clothing in the machine and putting them through a washing cycle for a fee. She purchased a service.
Appellees also stress the fact that the minor waited almost five years before she contended that there was a defect in the machine and urge that this Court should not lose sight of this fact. It is inferred that it was the duty of the minor or someone on her behalf to make complaint immediately. We are unable to attach any importance to the delay, since the injured person was a minor and only thirteen years of age, and appellees were well aware that she had been injured by their machine.
Appellees also point out that we cited with approval Brookshire, supra, in Federal Compress & Warehouse Company v. Swilley, 252 Miss. 103, 171 So.2d 333 (1965). However, it was cited in connection with a bailment where the bailed property was in the exclusive possession of the bailee and did not involve a factual situation similar to that now before us. We were not unaware of the Brookshire, supra, decision when we decided McManus, supra. There was an implied warranty by the owner in favor of Mrs. Collins that the machine designated by the owner's agent for her to use was fit, suitable and safe for the purpose of washing her clothing. However, appellees contend in their answer and affirmative defenses that the warranty did not extend to the minor, Kay Thompson. In 8 C.J.S. Bailments § 25, at 380 (1962) it is said:
Where a bailment for mutual benefit is one of hiring, there is imposed on the bailor, in the absence of special contract or representation, an obligation or warranty, similar to the implied warranty of fitness in the sale of personal property, that the thing or property hired for use shall be reasonably fit for the purpose, or capable of the use known to be intended, that is, that it shall possess the qualities usually belonging to things of that kind when used for the same purpose; and the bailor is liable to the bailee, and to persons using the thing at the bailee's invitation, for injuries caused by reason of the thing not being in proper condition when delivered. * * * (Emphasis added.)
In Restatement (Second) of Torts section 408 (1965) at 366 it is said:
One who leases a chattel as safe for immediate use is subject to liability to those whom he should expect to use the chattel, or to be endangered by its probable use, for physical harm caused by its use in a manner for which, and by a person for whose use, it is leased, if the lessor fails to exercise reasonable care to make it safe for such use or to disclose its actual condition to those who may be expected to use it.
Here the washing machine remained in the possession of the owner, and Mrs. Collins had only the right to the service for which she paid. It was customary for customers to bring their children with *541 them when they came to the laundry, and at times the children assisted them with the washing of their clothing. Even if we consider the use of the machine by Mrs. Collins to be a bailment in its true sense, the facts of this case are such that the warranty of fitness of the machine for use for the purpose for which it was intended extended to the minor using it at the invitation of Mrs. Collins.
We hold that the evidence on behalf of appellant made a prima facie case of liability and created an issue for the jury against both defendants, and that the trial court was in error in sustaining the motion for a directed verdict. The judgment of the trial court is reversed and this case is remanded.
Reversed and remanded.
GILLESPIE, P.J., and JONES, BRADY and ROBERTSON, JJ., concur.