463 So.2d 1084 (1985)
CONTRACTOR'S LUMBER & SUPPLY COMPANY
v.
CHAMPION INTERNATIONAL CORPORATION.
No. 55318.
Supreme Court of Mississippi.
February 13, 1985.
*1085 Edley H. Jones, III, Ward, Martin, Terry, King & Sorey, Vicksburg, for appellant.
Michael S. Allred, Thomas L. Kirkland, Jr., Edwin Y. Hannan, Satterfield & Allred, Jackson, for appellee.
Before PATTERSON, C.J., PRATHER and SULLIVAN, JJ., and SUGG, Retired Justice.
SUGG, Retired Justice, for the Court.[1]
Jimmy A. Lee filed an action in the Circuit Court of Warren County against Contractor's Lumber and Supply Co. (Contractor) and Champion International Corporation (Champion) for breach of warranty involving plywood panels purchased by Lee from Contractor which had been manufactured by Champion and purchased from Champion by Contractor. Contractor filed an answer admitting the breach of warranty, and with its answer, filed a cross-claim against Champion to recover by way of indemnity any amount it, Contractor, might be "judicially determined liable for" together with reasonable attorney's fees and costs in defending Lee's action. Contractor did not tender the defense of Lee's action to Champion, its seller. Champion answered the original action and the cross-claim and set up several affirmative defenses. Champion settled with Lee and before trial, Lee dismissed his action with prejudice. The trial court sustained Champion's motion to dismiss Contractor's cross claim and Contractor appealed.
The sole question on appeal is whether Contractor (buyer and indemnitee) is entitled to recover attorney's fees from Champion (seller and indemnitor) under the provisions of our Uniform Commercial Code [MCA § 75-2-607(5)(a) (1972)] when Contractor did not tender the defense of Lee's action to Champion. We hold Contractor was not entitled to recover attorney's fees because it did not tender defense of Lee's action to Champion and affirm.
We now set forth in more detail the proceedings in the trial court. Lee alleged he purchased 190 panels of plywood siding from Contractor which had been manufactured by Champion, and after he had installed the plywood on a church building, the panels began to delaminate, even though Lee followed the installation and finishing instructions of Champion, the manufacturer.
Lee alleged that both Contractor and Champion had breached an express warranty that the plywood was of a certain grade, and met certain industry standards. Lee further alleged that defendants had also breached an implied warranty of merchantability on the basis that the siding would not pass without objection in the trade under the standards of the industry; that the plywood was not fit for the ordinary purposes of which such goods are used; that defendants failed to cure the non-conformities and defects of the plywood after notice to them; and that he had been forced to replace the plywood panels, and other materials necessary to install and preserve the plywood on the church building. Lee sought recovery of $22,613.13[2] for actual damages, and $50,000 punitive damages, costs and attorney's fees.
Contractor answered admitting the breach of warranty charge and admitted liability to Lee. Contractor filed a cross-claim against Champion and alleged it purchased the plywood from Champion and Champion had breached the express warranty and implied warranty as alleged by Lee. Contractor sued for any amount it might be "judicially determined liable for" including "reasonable attorney's fees for the defense of the case and costs. Contractor's *1086 cross-claim was an action for indemnity.
Champion filed its answer to Lee's complaint and the cross-claim of Contractor, denied it had breached any express or implied warranties, and asserted several affirmative defenses to the complaint and cross-claim. Some of the affirmative defenses, if established by evidence, would have defeated Lee's right to recovery from either Contractor or Champion.
On the day set for trial, Champion informed the court that it had reached a settlement with Lee for $11,000, based upon a denial of liability and Lee had agreed to dismiss his suit with prejudice. The proposed settlement was contingent upon dismissal of Contractor's cross-claim against Champion. Champion moved to dismiss Contractor's cross-claim on the basis that it failed to state a claim upon which relief could be granted, that the claim was moot due to the settlement agreement, and that Contractor had never tendered its defense to Champion as required by statute. [§ 75-2-607(5)(a), MCA (1972)]
The court entered in a final order dismissing Contractor's cross-claim and also a final order on motion of Lee and Champion dismissing Lee's action with prejudice.
Under the common law, a defendant had the right to "vouch-in" a person liable over to him by notifying such person of the pendency of the suit and requesting him to assume defense of the suit. [See Comment, 29 Ark.L.Rev. 486 (1976)]. In 1966 our legislature adopted the Uniform Commercial Code and codified this common law practice as it relates to the law of sales concerning "middle-men." MCA § 75-2-607(5)(a) (1972).
(5). Where the buyer is sued for breach of a warranty or other obligation for which his seller is answerable over.
(a) he may give his seller written notice of the litigation. If the notice states that the seller may come in and defend and that if the seller does not do so he will be bound in any action against him by his buyer by any determination of fact common to the two (2) litigations, then unless the seller after seasonable receipt of the notice does come in and defend he is so bound.
The statute permits a buyer, who is sued for breach of warranty or other obligation for which his seller is answerable over, to bind the seller in the action against the buyer if the buyer gives the seller written notice of the litigation and the notice tenders defense of the litigation to the seller. Of course, if the seller is a defendant in the litigation, the buyer is not required to give written notice of the litigation, but in order to bind the seller, must tender defense of the litigation to the seller in writing. This permits a seller to protect his rights by interposing any defense available to the action. It naturally follows that if the seller protects his rights, he likewise protects the rights of the buyer. Of course, the seller, after written notice of tender of defense, may decline to defend, but if the seller declines to defend he will be bound by the determination of any fact common to the two litigations; namely, (1) the action against the buyer by a third party, and (2) the buyer's action against the seller for indemnification.
We find no Mississippi cases construing this section of the Uniform Commercial Code dealing with the practice commonly referred to as "vouching-in". However, other states in construing this provision of the Uniform Commercial Code have held that, in order for the buyer (sometimes referred to as retailer or indemnitee) to hold his seller liable in a breach of warranty case for goods purchased from the seller, the buyer must give notice to the seller that the buyer tenders the defense of the action to the seller.
For example in Litton Systems, Inc. v. Shaw Sales and Services, Ltd., 119 Ariz. 10, 579 P.2d 48 (1978), the Court held that the notice must contain an unequivocal, certain, and explicit demand to undertake the defense of the action, with an offer to surrender control of the defense to the indemnitor at least as to that portion of the claim for which the indemnitee seeks ultimately to hold the indemnitor liable.
*1087 In Uniroyal, Inc. v. Chambers Gasket & Mfg. Co., 177 Ind. App. 508, 380 N.E.2d 571 (1978), Chambers was sued for breach of warranty for gaskets it had sold. Chambers filed a cross-claim against Uniroyal, the cross-claim was severed, and the court in enumerating the elements necessary for Chambers (the retailer) to establish in order to recover from Uniroyal held, among other things, the burden was on Chambers to establish that it properly vouched-in Uniroyal to assume their defense and that Uniroyal declined to assume the defense.
We hold that, as a condition precedent to recovery of attorney's fees in this case, it was necessary for Contractor (the buyer and indemnitee) to tender the defense of Lee's action to Champion (seller and indemnitor). Not only did Contractor fail to tender the defense of Lee's action, but actively engaged in the prosecution of Champion, its seller, seeking recovery on precisely the same grounds set out in the original complaint of Lee. If Contractor had tendered the defense of Lee's action to Champion, Contractor would not have incurred attorney's fees and expenses in defending the claim. Champion settled the case, thereby relieving Contractor of any liability to Lee. Under the facts of this case we hold that Contractor is not entitled to recover attorney's fees, because it did not tender the defense to Champion as required by statute. [MCA § 75-2-607(5)(a)].
We therefore affirm the action of the circuit judge in dismissing Contractor's cross-claim against Champion.

ON MOTION TO STRIKE PART OF CHAMPION'S BRIEF
Contractor filed in this Court a motion to strike a portion of Champion's (appellee's) brief because Champion had not filed a cross appeal as provided for in Mississippi Supreme Court Rule 6.
Champion did file a cross appeal, but argued in its reply brief matters shown in the record which would sustain the action of the trial court. It is elementary that an appellee may argue in its reply brief any matter in the record which would sustain the trial court's judgment without the necessity of a cross appeal.
AFFIRMED AND MOTION TO STRIKE OVERRULED.
PATTERSON, C.J., WALKER and ROY NOBLE LEE, P.JJ., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] Sitting pursuant to MCA § 9-3-6 (Supp. 1982), this opinion adopted as the opinion of the Court.
[2] The original complaint was for $20,688.12 in actual damages, but Lee amended his complaint seeking the larger amount.