**George M. BOUNDS, Plaintiff,**

v.

**JOSLYN MANUFACTURING AND SUPPLY COMPANY, and Illinois Corporation, and Cable T.V. Supply Co., a New Jersey Corporation, and T.V. Selection System, Defendants.**

Civ. A. No. H85–0204(NG).

United States District Court,
S.D. Mississippi, S.D.

May 14, 1986.

Jolly W. Matthews, Hattiesburg, Miss., John Michael Sims, Heidelberg, Miss., for plaintiff.

Marcia C. McMahan, Hattiesburg, Miss., for plaintiff intervenor.

Thomas W. Tyner, Hattiesburg, Miss., for defendant Jocyln.

Harrison S. Ford, III, Stephen A. Anderson, Gulfport, Miss., for defendant T.V. Selection.

J. Robert Ramsay, Hattiesburg, Miss., for defendant Cable T.V. Supply.

## MEMORANDUM OPINION

GEX, District Judge.

Plaintiff's above styled diversity action sounds in products liability. The facts as developed to date are as follows. George Bounds, Plaintiff, was an employee of C & S Cable Construction on or about November 24, 1983. C & S Cable Construction had entered into a contract with Defendant T.V. Selection Systems wherein C & S Cable Construction was to construct twenty-seven (27) miles of cable system in the Meridian, Mississippi, area for Defendant T.V. Selection System. Defendant T.V. Selection System was to supply all cable poles and other hardware necessary for the construction of the cable system. Toward that end, Plaintiff avers Defendant T.V. Selection System purchased from Defendant Cable T.V. Supply Company, guy attachment straps that had been manufactured by Defendant Joslyn Manufacturing and Supply Company and released the guy attachment straps into the stream of commerce.

In the course and scope of Plaintiff Bounds' employment with C & S Cable Construction, the Plaintiff was assigned to work on the T.V. Selection System contract. While working on the T.V. Selection System contract, Bounds climbed a pole and bolted a new guy attachment strap to a pole. He then climbed down the pole and began tightening a guy attachment cable through the guy attachment strap with a come-a-long. Bounds was in the process of placing the tension on the guide wire when the guy attachment strap failed and a portion thereof stuck him on the head just behind his left ear causing serious injury.

Plaintiff has sued these defendants for damages under theories of strict liability in tort, breach of warranty and negligence.

Defendant T.V. Selection System has filed a Motion for Summary Judgment contending that it is not liable to Plaintiff under any set of facts or legal theories asserted in the Complaint and is therefore entitled to judgment as a matter of law.[1] In pressing its Motion, Defendant T.V. Selection System asserts that it is not a "seller" within the meaning of Restatement (Second) of Torts, Section 402 A, or, alternatively, if it is a "seller" under the facts alleged in Plaintiff's Complaint, it is only an "occasional seller" within the meaning of Restatement (Second) of Torts, Section 402 A and thus exempt from strict liability in tort.

The record before the Court on this Motion consist of (1) the Plaintiff's Complaint and the Defendants' Answer thereto, (2) the affidavit of Glenn Colvin, Regional Vice President of Defendant T.V. Selection System, Inc.,[2] and (3) a copy of the contract

---

1. T.V. Selection System filed its Motion for summary judgment only on Plaintiff's strict liability and negligence claims. The warranty issue raised in Plaintiff's Complaint, of course, would survive even if the Court had determined that T.V. Selection System was not engaged in the business of selling for Section 402 A purposes.

2. "I, GLENN COLVIN, after being duly sworn, do depose and say under oath that:

1) I am the Southern Regional Vice President and General Manager of T.V. Selection System, Inc.

2) T.V. Selection System, Inc. is a company known as a multi-system operator which supplies television transmissions by cable transmission to the public and other consumers in the Meridian, Mississippi area.

3) That on or about April 13, 1983, T.V. Selection Systems, Inc., contracted with C & S Cable Construction to construct 27 miles of distribution systems in the Meridian, Mississippi area. A copy of that contract is attached hereto as Exhibit "A".

4) That pursuant to that Contract, C & S Cable Construction was employed by T.V. Selection System, Inc. to construct the distribution system; further, under the Contract, T.V. Selection System, Inc. did provide the cable, poles and other hardware necessary for the construction of the distribution system.

5) That there was never any sale by T.V. Selection System, Inc. to C & S Cable Construction of the hardware and other materials necessary for construction of the cable distribution system. T.V. Selection System, Inc. retained ownership of the transmission line and its components, including the guy attachment strap in issue.

between Plaintiffs employer, C & S Cable Construction and Defendant T.V. Selection System.[3]

Rule 56(c) of the Federal Rules of Civil Procedure which governs the propriety of summary judgment motions states that a movant is entitled to prevail on their motion "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". In ruling on Defendant's Motion the Court must review the evidence together with all inferences in the light most favorable to Plaintiff Bounds. Defendant T.V. Selection System bears the burden and must come forward with a showing that no genuine issue of material fact exists. Only if Defendant T.V. Selection System meets its burden, is Plaintiff Bounds required to produce competent evidence establishing the existence of material issues of fact to be resolved at trial. *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir.1985). The Fifth Circuit takes the position that summary judgment is highly inappropriate in products liability cases on the theory that the trial court is more fully and fairly able to resolve the issues raised in a summary judgment motion after hearing the evidence since the Court can, where appropriate, grant a motion for directed verdict thus avoiding trying the case on a pretrial motion. *Davidson v. Stanadyne, Inc.*, 718 F.2d 1334, 1341 (5th Cir.1983).

Keeping these procedural guideposts in mind, the Court turns to the substantive law applicable in this case. This Court sits as another state court where diversity jurisdiction is invoked, therefore the substantive law of Mississippi controls the merits of Plaintiff's claim. *Erie Railroad Co. v. Thompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938). Unfortunately, nowhere in the existing body of Mississippi jurisprudential on statutory law have the contours of the phrase "business of selling" in the products liability context been delineated. A studied prediction of Mississippi's ultimate position on the issue must be deduced from the current body of Mississippi products liability law, applicable Fifth Circuit opinions, decisional law of other states and decisional law from other federal courts. *Helene Curtis Industries, Inc. v. Pruitt*, 385 F.2d 841, 848 (5th Cir. 1969); *Lovelace v. Astra Trading Co.*, 439 F.Supp. 753, 756 (S.D.Miss.1977).

The Mississippi Supreme Court has adopted Restatement (Second) of Torts, Section 402 A.[4] *State Stove Manufacturing Co. v. Hodges*, 189 So.2d 113 (Miss. 1966), *cert. den'd*, 386 U.S. 912, 87 S.Ct. 860, 17 L.Ed.2d 784 (1967). The strict liability concept of Section 402 A imposes liability upon a seller engaged in the business of selling a product when said product, placed in the stream of commerce in a defective condition unreasonably danger-

---

6) Further, T.V. Selection System, Inc. is not in the business of selling the guy attachment strap which allegedly injured the Plaintiff and did not sell the guy attachment strap to C & S. Construction which allegedly injured the Plaintiff.

7) That the guy attachment strap that allegedly injured the plaintiff was one of a number of such attachment straps supplied in a box or boxes to C & S Cable Construction; that any defect if it existed in the guy attachment strap was a latent defect totally unknown to any of the officers, agents or employees of T.V. Selection System, Inc.

8) Further, the deponent sayeth not."

**3.** The Court notes that the named parties to this contract are Comcast and Bounds' employer, C & S Cable Construction. Apparently T.V. Selection System either took over Comcast or is a subsidiary of Comcast.

**4.** Section 402 A. Special Liability of Seller of Product for Physical Harm to User or Consumer

(1) One who sells any product in <a defective condition unreasonably dangerous> to the user or consumer or to his property is subject to liability for physical harm theory caused to the ultimate user consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to an does reach the user or consumer without *substantial change* in the condition in which it is sold.

(2) The rule stated is Subsection (1) applies although

(a) the seller has exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

ous, causes injury to a user of the product even where the seller was not negligent in placing the product on the market. *Falstaff Brewing Corp. v. Williams,* 234 So.2d 620, 623 (Miss.1970). The policy reasons underlying the application of strict liability in a defective products case are (1) to pass the cost of injuries resulting from defective products to the seller as an incentive to produce user/consumer safe products and (2) to facilitate an injured user/consumer in establishing a near-impossible case against a product seller when all of the information concerning the production of the product is more readily accessible to the seller than to the user/consumer. *Toliver v. General Motors Corp.,* 482 So.2d 213, 215–16 (Miss. 1986). The Mississippi Supreme Court has consistently directed application of strict liability to the party responsible for placing products in the user/consumer's reach irrespective of whether they actually manufactured the product when the consumer *reasonably relied* upon that party to assure the safety of the product. *Coca-Cola Bottling Co. v. Reeves,* 486 So.2d 374, 379–380 (Miss.1986) (emphasis added) (Coca-Cola held liable for defective carton it placed on the market even though it did not manufacture the item); *Thompson v. Reily,* 211 So.2d 537, 540 (Miss.1968) (washing machine owner who put product within the public reach liable for defective condition of machine).[5] The party responsible for placing the defective product on the market may have a right of indemnity against the manufacturer, *R. Clinton Construction Co. v. Bryant & Reaves, Co.,* 442 F.Supp. 838, 851 (N.D.Miss.1977); nonetheless, the injured consumer may elect to attempt to place liability on any party in the distribution chain.

In the instant case, Plaintiff contends Defendant T.V. Selection System's practice of furnishing materials and supplies to independent contractors constitutes sales and indicates the Defendant is engaged in the business of selling guy attachment straps. As such, strict liability may be imposed on defendant T.V. Selection System for placing a defective product on the market. This motion for summary judgment turns on a determination of the status of T.V. Selection System with respect to the guy attachment strap. The questions to be resolved are: does supplying equipment under the terms of a contract make the supplier a seller of that equipment, and, if so, does the act of supplying that equipment rise to the level of conducting the "business of selling" as required under Restatement (Second) of Torts, Section 402 A.

I. Was there a "sale" for purposes of Restatement (Second) of Torts, Section 402 A?

The contract involved provides that "[defendant] shall … provide all cable, amplifiers and all other components for the system …", and, "Title to the system and to all component parts thereof shall at all times remain in … [defendant]".

■ Although the Mississippi Supreme Court has not affirmatively stated that transfer of title is a necessary element of a "sale" as the term is used in the products liability context, there are intimations that a transfer of title to the product is not necessary in order to impose strict liability upon a defendant. In *Falstaff Brewing*

---

5. Defendant T.V. Selection System relied on *Sam Shainberg Company of Jackson v. Barlow,* 258 So.2d 242 (Miss.1972) to support its proposition that it was entitled to summary judgment on Plaintiff's negligence count. The *Shainberg* opinion was seriously questioned in *Coca-Cola Bottling Co. v. Reeves,* 486 So.2d 374, 378–80 (Miss.1986). The *Coca-Cola* court effectively overruled *Shainberg* to the extent that that opinion had established a retailer could not be held strictly liable in tort for selling a defective product. To the extent that *Shainberg* absolves a retailer from liability on a negligence theory for simply selling a product that turned out to be defective, *Shainberg,* 258 So.2d at 246, this Court must adhere to and agree with that position. The Mississippi Supreme Court, however, indicated in the *Shainberg* opinion that, where Plaintiff can show some other negligent act on the part of the retailer, such as negligently handling the product or negligently selecting the manufacturer as the supplier of his products, a valid negligence claim may be asserted against the defendant. Absent any proof in the record before the Court that Defendant T.V. Selection System exercised due care in selecting the equipment it agreed to supply to Plaintiff, the Court cannot at this point dismiss Plaintiff's negligence claim.

*Corp. v. Williams,* 234 So.2d 620 (Miss. 1970), the state's highest court stated that strict liability may be imposed upon a seller for an injury caused by his product to anyone who comes in *lawful contact* with it. *Id.* at 623 (emphasis added). Thus actual ownership of the defective product is not a lynchpin to the imposition of strict liability. A lessee, bailee or any other person with lawful access to the product may maintain a products liability action against the seller if the product proves defectively dangerous. *Early-Gary, Inc. v. Walters,* 294 So.2d 181, 186–7 (Miss.1974) (restaurant patron successfully maintained action against manufacturer of defective ketchup bottle although patron only had a right to use the bottle and did not own it). *Cf. Thompson v. Reily,* 211 So.2d 537, (Miss. 1968) (granddaughter of bailor permitted to recover against owner/bailor of public laundry under warranty theory when defective washing machine injured child). Mississippi's view that rightful access other than full ownership of the product constitutes a "sale" upon which strict liability may be imposed is consistent with the position held by its sister states. *See, Delaney v. Townmotor Corp.,* 339 F.2d 4, (2nd Cir. 1964) (an action to recover for injury from a defective overhead guard, brought by employee of prospective purchaser to whom product had been loaned for demonstration); *Price v. Shell Oil Co.,* 2 Cal.3d 245, 85 Cal.Rptr. 178, 466 P.2d 722 (banc 1970) (an action by mechanic employed by airline, lessee of gasoline truck, against oil company, lessor of truck, for injuries received when legs on movable ladder mounted on tank split and mechanic fell); *McClaflin v. Bayshore Equipment Rental Co.,* 274 Ca.App.2d 446, 79 Cal.Rptr. 337 (1969) (an action for wrongful death resulting from accident involving stepladder against lessor of stepladder); *Perfection Paint & Color Co. v. Konduris,* 147 Ind. App. 196, 258 N.E.2d 681 (1970) (an action against gratuitous supplier of lacquer reducer to recover for death of employee, killed when reducer became ignited); *Fulbright v. Klamath Gas Co.,* 271 Or. 449, 533 P.2d 316 (1975) (an action by injured farmhand against defendant gas companies for injuries sustained while using defendants' potato vine burner which the gas companies furnished to plaintiff's employer to promote the sale of its propane gas).

The Court finds that Plaintiff Bounds had rightful access to the guy attachment strap sufficient to support the conclusion that he was in lawful contact with the allegedly defective product and can thus maintain his products liability action against any supplier in the distribution chain who, in the usual course of its business, places the product in question in the stream of commerce.

II. Does the act of supplying equipment under the terms of a contract rise to the level of engaging in the business of selling for purposes of Restatement (Second) Torts, Section 402 A.

The Mississippi Supreme Court has determined that a seller of a defective product may not be held liable for strict products liability where he is not in the business of selling the product. *Alley v. Praschak Machine Co.,* 366 So.2d 661, 666 (Miss. 1979). Comment (f) to Section 402 A provides in relevant part:

The rule stated in this Section applies to any person engaged in the business of selling products for use or consumption. It therefore applies to any manufacturer and to the operator of a restaurant. *It is not necessary that the seller be engaged solely in the business of selling such products.* Thus the rule applies to the owner of a motion picture theatre who sells popcorn or ice cream, either for consumption on the premises or in packages to be taken home.

The rule does not, however, apply to the occasional seller of food or other such products who is not engaged in that activity as a part of his business. Thus it does not apply to the housewife who, on one occasion, sells to her neighbor a jar of jam or a pound of sugar. Nor does it apply to the owner of an automobile, who, on one occasion, sells it to his neighbor, or even sells it to a dealer in used cars, and this even though he is fully aware that the dealer plans to resell it. *The basis for the rule is* the ancient

one of *the special responsibility for the safety of the public undertaken by one who enters into the business of supplying human beings with products*, which may endanger the safety of their persons and property, *and the forced reliance upon that undertaking* on the part of those who purchase such goods. This basis is lacking in the case of the ordinary individual who makes the isolated sale, and he is not liable to a third person, or even to this buyer, in the absence of his negligence.... (emphasis added)

No Mississippi case has discussed whether a supplier of materials under the terms of a contract is engaged in the business of selling, but other federal courts have shed some light on the issue. In *Bosse v. Litton Unit Handling Systems, Inc.*, 646 F.2d 689 (1st Cir.1981), the First Circuit found that a subcontractor's employee was not entitled to maintain a products liability action against the general contractor for injuries sustained as a result of defective partially assembled component parts supplied to the worker by the general contractor. In affirming the trial court's dismissal of the employee's strict liability claim, the court implicitly found the general contractor to be a seller engaged in the business of selling the component parts. The court never challenged Plaintiff's characterization of the general contractor as a seller; the defendant prevailed on its motion for summary judgment because the defective product that caused Plaintiff's injuries was not sold in final shape or in the condition in which it was expected to reach the ultimate consumer as required by Comment (d) to Section 402 A. *Id.* at 694. In *Mitchell v. Shell Oil Company*, 579 F.Supp. 1326 (D.Mont.1984), however, the court expressly rejected the proposition that an employer can be classified as a seller engaged in the business of selling work related equipment to his employees for purposes of strict liability. The Plaintiff, in an effort to circumvent the exclusivity barrier of Montana's Worker's Compensation Act, alleged that his employer fell within the dual capacity exception to the compensation statute which provides that, where an employer is injured in the scope of his employement by equipment

which was manufactured by his employer, the employee may be liable in tort to his employee. The district court found that even if the Plaintiff's employer had manufactured the work related equipment, Plaintiff could not impose strict liability on his employer since the employer was not in the business of selling the product to the *general public* as required under Section 402 A. *Id.* at 1330–31 (emphasis added). Finally, the District Court of the Virgin Islands examined the contours of the engaged in business of selling requirement of Section 402 A in *Walker v. Skyclimber, Inc.*, 571 F.Supp. 1176 (D.V.I.1983). Walker, an employee of an independent contractor, was injured by a defective hoist, actually sold to Walker's employer by the company on whose property the independent contractor was working, Hess Oil Virgin Islands Corporation. Plaintiff sued Hess Oil in strict products liability claiming that Hess Oil regularly supplied independent contractors with work related equipment as part of its operation and as such is a seller with respect to that equipment. In deciding Hess Oil's summary judgment motion, the district court stated:

> In determining whether [one] is "engaged in the business of selling [a given product], [a] Court must look not to the volume of ... sales, but to whether they *carried on an established and well-recognized kind of business which has been a regularly maintained activity on its part*".

*Id.* at 1179 (emphasis added).

The Court found that Hess Oil's sale of the hoist was an isolated event. The Court concluded that Hess Oil was an occasional seller under Comment (f) and granted the motion for summary judgment.

From the foregoing discussion, this Court concludes that the Mississippi Supreme Court would, in all probability, take the position that an employee may sue one who contracts for services with his employer when, under the terms of the contract, he agrees to provide the necessary materials and supplies with which the employer's personnel must work. The employee needs to show for products liability purposes that

the party that supplied the product to his employer furnishes materials in a contract arrangement on such a regular or consistent basis that the act of supplying products is a part of its business activity and not an occasional act.

■ Whether or not Defendant T.V. Selection System consistently contracts to supply materials and supplies to other independent contractors is a factual determination that the Court must make before a decision on Defendant T.V. Selection System's status as seller engaged in the business thereof can be reached. *Cf. Barnwell v. Cordle*, 438 F.2d 236, 241–42 (5th Cir. 1971) (questions regarding status of party closely tied to factual determinations thus summary judgment not appropriate).

Mr. Colvin's affidavit purportedly establishes that Defendant T.V. Selection System was not engaged in the business of selling cable equipment.[6]

This Court has reviewed Colvin's affidavit and finds that it does not set forth factual information from which a decision could be reached. The affidavit is nothing more than a series of personal conclusions by Colvin. The Fifth Circuit has stated that:

> [When] affidavits filed by the defendant ... set forth only ultimate facts or conclusions ... [and] their contents are statements made by [the defendant] ... which in no way proved or disproved any [issue in the litigation] ... [no] facts are present[ed] so that the trial court [can] actually arrive at its own conclusions. It should be remembered that in summary judgment proceedings *affidavits containing mere conclusions have no probative value.*

*Benton-Volvo-Metairie, Inc. v. Volvo Southwest, Inc.*, 479 F.2d 135, 139 (5th Cir.1973).

Under the Fifth Circuit standard, Colier's affidavit must not be considered on this motion for summary judgment. The Court is therefore of the opinion, at this procedural juncture, that, in accordance with *Galindo, Stanadyne* and *Barnwell*, Defendant

T.V. Selection System's motion for summary judgment should be denied. A separate order will be entered in this cause in accordance with the findings set forth in this memorandum opinion.