**Jim CURRY, Plaintiff,**

v.

**SILE DISTRIBUTORS and Investarm, S.P.A., Defendants.**

**No. WC88–93–B–G.**

United States District Court,
N.D. Mississippi, W.D.

Jan. 5, 1990.

S.T. Rayburn, H. Scot Spragins, Oxford, Miss., Robert J. Arnold, III, Forrest W. Stringfellow, Jackson, Miss., for defendants.

## MEMORANDUM OPINION

BIGGERS, District Judge.

Presently before the court are motions of defendant Sile Distributors ("Sile") for summary judgment on the plaintiff's claims and on Sile's claim for indemnification against Investarm, S.P.A. ("Investarm"). Having considered the parties' pleadings and memoranda, the court is prepared to rule.

### I.

### FACTS

Jim Curry was seriously injured when a muzzle loading rifle exploded as he attempted to fire the weapon. The rifle, manufactured by Investarm and distributed to the retailer by Sile, ultimately was purchased by Curry in New Albany, Mississippi.

The rifle remained unchanged from the time it left Investarm to the time Curry opened the package and assembled the weapon. All parties agree that if the gun was defective in any way, the defect was latent.

Curry filed suit against both Sile and Investarm under theories of strict liability, negligence and breach of warranty. Sile subsequently filed a crossclaim against Investarm for indemnification. In its motions, Sile denies any potential liability for Curry's injury and asserts that Investarm is presently obliged to defend and indemnify Sile for any damages Sile might be required to pay Curry, including costs and attorney's fees.

### II.

### LAW

#### A. The Plaintiff's Claims

In Mississippi, an injured plaintiff can recover from the seller of a product under

Michael P. Mills, Aberdeen, Miss., for plaintiff.

a theory of strict liability if (1) the plaintiff was injured by the product; (2) the injury resulted from a defect in the product which rendered it unreasonably dangerous; and (3) the defect existed at the time it left the seller. *Coca Cola Bottling Co., Inc. of Vicksburg v. Reeves*, 486 So.2d 374, 378 (Miss.1986). The duty to sell products free from defects which render them unreasonably dangerous extends to manufacturers, distributors and retailers alike. *Coca Cola*, 486 So.2d at 379.

■ Sile admits that it is engaged in the business of selling Investarm rifles and actually sold the gun in question. Therefore, Sile owed the plaintiff the same duty imposed upon each seller in the chain of distribution. Since factual questions are present regarding, among other things, whether the rifle was unreasonably dangerous, Sile's potential strict liability to Curry is an issue inappropriate for resolution by summary judgment.

■ However, Sile claims it cannot be held strictly liable because as distributor of the rifle it merely acted as a conduit between the manufacturer and the plaintiff. *See Sam Shainberg Co. of Jackson v. Barlow*, 258 So.2d 242 (Miss.1972). However, *Shainberg*, though not explicitly overturned, is no longer the law of Mississippi. In *Coca Cola*, the Mississippi Supreme Court readily admitted that the *Shainberg* decision was "anomalous, if not irrational," with respect to the conduit theory and strict liability doctrine. *Coca Cola*, 486 So.2d at 379. While *Shainberg* has not been expressly overturned, the prerequisites for recovery set forth in *Coca Cola*, as a matter of logical necessity, strip *Shainberg* of any precedential value. Consequently, the court refuses to apply *Shainberg*, and Sile must seek its relief in Mississippi's indemnity law. *Id.* 486 So.2d at 379 n. 4.

■ Sile also disputes Curry's assertion that Sile negligently failed to inspect the weapon before passing it to the retailer. Ironically, while *Shainberg* was solely a strict liability case, it properly states the negligence duty owed by distributors and retailers with respect to products containing latent defects. A distributor owes no duty to inspect a product for latent defects unless there is some legitimate reason to suspect that a dangerous defect exists. *See Early–Gary, Inc. v. Walters*, 294 So.2d 181, 187 (Miss.1974). Because Sile had no reason to suspect the gun was defective, Sile's motion is well taken with respect to the plaintiff's negligence theory.

Finally, Sile denies making any express or implied warranties with respect to the weapon's performance or safety. The parties agree that Sile made no express warranty, but Curry asserts that Sile impliedly warranted the rifle merchantable and fit for a particular use.

Under Mississippi law, warranties extend to the buyer and may not be disclaimed once present. Miss.Code Ann. § 75-2-318 (1972). A plaintiff who is injured due to a breach of warranty may recover from each seller of the individual product which caused the injury, as long as the product was defective when each respective seller possessed it. *See Hargett v. Midas Int'l Corp.*, 508 So.2d 663 (Miss.1987). Hence, privity between plaintiff and seller is not required for recovery. *Id.*

■ However, Mississippi follows the official comment to Uniform Commercial Code § 2-315 and does not imply a warranty of fitness for a particular use when the good is purchased for the ordinary use of a good of that kind. *See Ford Motor Co. v. Fairley*, 398 So.2d 216, 219 (Miss.1981). Since Curry purchased the rifle to use in an ordinary fashion, he cannot rely on Miss. Code Ann. § 75-2-315 as a basis for recovery. Instead, Sile impliedly warranted the rifle as merchantable when it sold the rifle as a merchant with respect to goods of that kind. Miss.Code Ann. § 75-2-314(1) (1972). This warranty cannot be disclaimed, and issues of material fact regarding the rifle's fitness for firing and Curry's handling of the weapon preclude summary judgment on this issue.

### B. Investarm's Duties

■ Sile moves for summary judgment against Investarm, asserting that as manu-

facturer of the rifle, Investarm is now obliged to defend Sile in this suit and indemnify Sile from any liability incurred to Curry.

Sile's motion is premature. Investarm admits that it might be required to indemnify Sile if Sile is legally liable to Curry and ultimately pays to satisfy its legal obligation. However, Sile's liability to Curry must be determined as a prerequisite to Investarm's possible liability as indemnitor, and Sile presently maintains it cannot be held liable as a matter of law. *Smith v. H.C. Bailey Companies*, 477 So.2d 224, 235 (Miss.1985). Summary judgment on Investarm's liability as indemnitor is improper at this time. *Id.*

■ Likewise, assuming Sile properly tendered its defense as required by Miss. Code Ann. § 75–2–607(5)(a) (1972), Investarm is in no way obliged to defend Sile in this dispute. *Contractors Lumber and Supply Co. v. Champion Int'l Corp.*, 463 So.2d 1084 (Miss.1985). If and when Sile incurs some liability to Curry, Sile may recover its attorney's fees, costs and interest as part of any indemnification damages. *Bush v. City of Laurel*, 215 So.2d 256, 260 (Miss.1968).

## CONCLUSION

In summary, the court finds that there is no genuine issue of material fact as to Sile's negligence or any implied warranty of fitness for a particular use. However, Curry has presented sufficient evidence to withstand Sile's motion as to Sile's possible strict liability and breach of the implied warranty of merchantability.

With respect to Sile's motion against Investarm, the court does not find the motion well taken and it will be denied.

An order in accordance with this opinion will this day issue.

## ORDER

In accordance with the memorandum opinion this day issued, it is therefore ORDERED:

(1) That Sile Distributors' ("Sile") motion for summary judgment on its cross-claim against Investarm, S.P.A. is DENIED;

(2) That Sile's motion for summary judgment against the plaintiff is GRANTED as to the plaintiff's claims for negligence and breach of implied warranty of fitness for a particular use and DENIED as to the plaintiff's other claims; and

(3) That the plaintiff's claims against Sile for negligence and breach of implied warranty of fitness for a particular use are hereby DISMISSED with prejudice.