**Burl BUTLER and Dean Butler**

v.

**R.J. REYNOLDS TOBACCO CO., et al.**

**Civ. A. No. 3:92–CV–732B.**

United States District Court,
S.D. Mississippi,
Jackson Division.

March 18, 1993.

ington, MS, Brooke Ferris, Gibbes Graves Mullins, Bullock and Ferris, Laurel, MS, for plaintiffs.

Edward Blackmon, Jr., Canton, MS, for R.J. Reynolds.

Walker W. Jones, Phelps Dunbar, Jackson, MS, for Phillip Morris.

Lawrence J. Franck, Butler Snow Firm, Jackson, MS, for Loews Corp. & Lorillard.

James E. Upshaw, Upshaw Williams Biggers Page Kruger, Greenwood, MS, for American Tobacco Co.

George P. Hewes, III, Brunini Grantham Grower Hewes, Jackson, MS, for Brown & Williamson Tobacco Co.

Natie P. Caraway, Wise Carter Child Caraway, Jackson, MS, for Liggett Group, Inc. & Liggett & Myers.

Michael Ulmer, Watkins and Eager, Jackson, MS, for R.J. Reynolds Tobacco Co.

Robert L. Johnson, III, Natchez, MS, for Capitol Tobacco, Jackson Cigar & Tobacco, Corr-Williams.

Francis K. Decker, Jr., James V. Kearney, New York City, for Liggett Group & Liggett & Myers.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court upon the Motion of Plaintiffs to Remand and for Sanctions. Having considered the Motion, supporting and opposing memoranda and attachments thereto, the Court finds that the Motion of Plaintiffs to Remand should be granted.

### I. Background

Burl and Dean Butler, residents of Laurel, Mississippi, have filed this products liability suit against six tobacco products manufacturers ("tobacco manufacturers"), none being Mississippi residents for jurisdictional purposes, and four Mississippi tobacco retailers/distributors ("tobacco retailers"). Plaintiffs allege that Burl Butler, a barber, has suffered injuries, including lung cancer, as a result of exposure in his barber shop to environmental tobacco smoke. This action

T. Roe Frazer, II, Langston and Frazer, Isaac K. Byrd, Jr., Byrd & Associates, Dennis C. Sweet, III, Dockins & Sweet, Jackson, MS, Don Barrett, Barrett Law Offices, Lex-

was initiated in the First Judicial District of Hinds County, Mississippi and removed by the tobacco manufacturers to this Court on November 18, 1992, upon their claim that the tobacco retailers have been fraudulently joined as defendants.[1]

In their Complaint, Plaintiffs allege that the tobacco retailers are liable to Plaintiffs under theories of strict liability, negligence, breach of warranty, fraud, misrepresentation, absolute liability and agency. In their Motion to Remand, Plaintiffs argue that there has been no fraudulent joinder because under Mississippi law a strict liability action can be brought against the tobacco retailers. Defendants argue that the tobacco retailers act as "mere conduits" in the sale of tobacco products and, as such, are not subject under Mississippi law to a claim of strict liability.

In response to the other theories of liability asserted by Plaintiffs against the tobacco retailers, Defendants submit the affidavits of officials of the tobacco retailers in which the officials state that the retailers do not manufacture or package tobacco products, have never sold tobacco products under their own names, do not alter the tobacco products in any way prior to sale, have at no times made statements or representations concerning the health effects of tobacco products, and have at no time prior to this litigation received notice of any alleged breach of warranty regarding tobacco products.

## II. Analysis

### 1. Defendants' Burden

■ When faced with a claim that a defendant has been fraudulently joined, this Court must resolve all disputed questions of fact and all ambiguities in controlling state law in favor of the nonremoving party and determine whether "there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [whether] there has been outright fraud in the plaintiff's pleading of jurisdictional[2] facts." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981) (emphasis in original). This Court is not to decide whether Plaintiffs will actually or even probably prevail on the merits, *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992), but instead is to look only for a possibility that they may do so under Mississippi law "as it stands today." *Tedder v. F.M.C. Corp., et al.*, 590 F.2d 115, 117 (5th Cir.1979). The United States Court of Appeals for the Fifth Circuit has endorsed a summary judgment-like procedure for disposing of fraudulent joinder claims and has explicitly found that a district court may "pierce the pleadings" when determining whether a plaintiff has any possibility of recovery in state court. *B., Inc., supra*, 663 F.2d at 549; *Carriere v. Sears, Roebuck and Co.*, 893 F.2d 98, 100 (5th Cir.1990).

### 2. Strict Liability Claim

■ Plaintiffs' strict liability claim against the tobacco retailers is based on the rule enunciated in § 402A of the Restatement (Second) of Torts.[3] Plaintiffs contend that the tobacco products sold by the defendant

---

**1.** Plaintiffs argue that the removal of this action by the tobacco manufacturers was improper because the tobacco retailers did not join in the removal petition. In *Moore v. Interstate Fire Ins. Co.*, 717 F.Supp. 1193, 1195 (S.D.Miss.1989), this Court, per Judge Tom S. Lee, found that "while generally the unanimous consent of all defendants is a precondition to removal, it is not necessary that a fraudulently or improperly joined defendant join with the other defendants in a petition for removal." Because the Court here addresses the question of whether the tobacco retailers are fraudulently joined and finds that they are not, this action shall be remanded to state court on jurisdictional grounds and Plaintiffs' argument is rendered moot.

**2.** There have been no allegations of fraud in the plaintiffs' pleading of jurisdictional facts.

**3.** Section 402A provides:

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.

(2) The rule stated in subsection (1) applies although (a) the seller has exercised all possible care in the preparation and sale of his product, and (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

tobacco retailers were in a defective condition unreasonably dangerous to those exposed to environmental smoke and that as a result of exposure during his career as a barber to second-hand cigarette smoke Plaintiff Burl Butler now suffers from lung cancer. Plaintiffs allege further that the defendant tobacco retailers are engaged in the business of selling cigarettes and that the cigarettes they sold reached consumers without substantial change in their condition. The question now before this Court is whether there is a possibility that Plaintiffs might prevail on the merits of this claim under Mississippi law as it stands today.

### a. Controlling Law

In *Sam Shainberg Co. v. Barlow,* 258 So.2d 242 (Miss.1972), the Mississippi Supreme Court addressed a strict liability claim against the retailer of an allegedly defective product. The Court ruled that a retailer who serves as a mere conduit of a product between a reputable manufacturer and the ultimate consumer has no duty to inspect for and discover a latent defect and the Court expressly refused to extend the rule of strict products liability as expressed in § 402A of the Restatement (Second) of Torts to such retailers.

In 1986, the Mississippi Supreme Court roundly criticized *Shainberg* in *Coca Cola Bottling Co. v. Reeves,* 486 So.2d 374 (Miss. 1986). While the Mississippi Supreme Court found the facts in *Reeves* "sufficiently distinguishable from *Shainberg* so that [*Reeves* ] is not an appropriate case to consider overruling *Shainberg,*" *Id.* 486 So.2d at 379, this Court finds that the blistering criticism of *Shainberg* found in the *Reeves* opinion, albeit dicta, coupled with the indication in *Reeves* that the Mississippi Supreme Court has unqualifiedly adopted § 402A of the Restatement (Second) of Torts renders *Shainberg* a hollow shell with little, if any, precedential value.

Although in *State Stove Mfg. Co. v. Hodges,* 189 So.2d 113 (Miss.1966) the Mississippi Supreme Court adopted § 402A of the Restatement (Second) of Torts only "insofar as it applies to the manufacturer of a product and to a contractor who builds and sells a house with a product in it," *Id.* at 118, the Court in *Reeves,* citing *Toliver v. General Motors Corp.,* 482 So.2d 213 (Miss.1985), indicates that § 402A has been adopted by the Mississippi Supreme Court without exception. 486 So.2d at 379; *see also Hall v. Mississippi Chemical Exp., Inc.,* 528 So.2d 796 (Miss.1988); *Thompson v. Carter,* 518 So.2d 609 (Miss.1987); *Brown v. Williams,* 504 So.2d 1188 (Miss.1987). Based upon that determination and the fact that § 402A was formulated to apply not only to manufacturers but also to wholesalers, retailers, and distributors, the *Reeves* Court deems the holding in *Shainberg* "anomalous if not irrational." *Id.* Commenting further, the Court notes that "[i]n the era of strict liability and Restatement § 402A, the *Shainberg* view is misplaced as the retailer's relief is found in our indemnity law." *Id.* 486 So.2d at 379 n. 4. Finally, the Court points out that the *Shainberg* opinion relies upon and quotes a section from a leading treatise in the area of products liability law that "refers to negligence principles only and was never intended to restrict the scope of the strict liability in tort doctrine." *Id.* 486 So.2d at 379.

Both of the federal districts in Mississippi have commented in published opinions regarding the impact of *Reeves* on *Shainberg.* In *Bounds v. Joslyn Mfg. and Supply Co.,* 660 F.Supp. 1063 (S.D.Miss.1986), this Court, per Judge Walter J. Gex, expressed the view that "[t]he [*Reeves* ] court effectively overruled *Shainberg* to the extent that that opinion had established a retailer could not be held strictly liable in tort for selling a defective product." *Id.* 660 F.Supp. at 1066 n. 5. In *Curry v. Sile Distributors,* 727 F.Supp. 1052 (N.D.Miss.1990), the Northern District of Mississippi, per Judge Neal Biggers, found that "*Shainberg,* though not explicitly overturned, is no longer the law of Mississippi ... [and] [t]he prerequisites for recovery set forth in [*Reeves* ], as a matter of logical necessity, strip *Shainberg* of any precedential value." *Id.* 727 F.Supp. at 1054. The Mississippi Supreme Court has not relied on *Shainberg* to furnish the rule of decision in a case in over sixteen years.

## b. Application of Law to Facts

The removing Defendants argue that because *Shainberg* has not been expressly overruled and because the tobacco retailers were mere conduits of the tobacco products which Plaintiffs claim caused Mr. Butler's injuries the Court should find that the tobacco retailers have been fraudulently joined and this matter should remain in federal court. Plaintiffs argue that the criticism of *Shainberg* by the Mississippi Supreme Court in *Reeves* and the post-*Reeves* comments of Mississippi federal district courts concerning the status of *Shainberg* dictate a finding by this Court that there is a possibility that Plaintiffs could recover against the tobacco retailers in state court and remand is therefore proper.[4]

In support of their respective positions, the parties have submitted a plethora of unpublished decisions by federal judges and magistrates in Mississippi. The conflicting findings in these opinions regarding the question of whether *Shainberg* remains the definitive statement of Mississippi law concerning the strict liability of retailers who act as mere conduits demonstrate the degree of uncertainty surrounding this issue.

As set forth above, in determining whether the tobacco retailers have been fraudulently joined, this Court must resolve all ambiguities in controlling Mississippi law in favor of Plaintiffs. The fact that *Shainberg* has not been expressly overruled does not dictate that Plaintiffs' Motion to Remand be denied. While it is certainly possible that the Mississippi Supreme Court would adhere to its holding in *Shainberg* if presented with the merits of this case, in the light of *Reeves* and the uncertainty it has created regarding the viability of *Shainberg* and the extent to which the Mississippi Supreme Court is willing to apply § 402A without exception, this Court is unable to say that "there is *no possibility* that the plaintiff would be able to

establish a cause of action against the instate defendant[s] in state court...." *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir.1981) (emphasis in original). Accordingly, the Court finds that this action should be remanded to state court.

### 3. Other Theories of Liability

Because the Court has found that Plaintiffs have a possibility of recovering against the tobacco retailers under a theory of strict liability, it is unnecessary for the Court to determine whether there is a possibility they might recover under the other theories of liability asserted in their Complaint. In addition, because the Court has found that there is a possibility that Plaintiffs may recover against the tobacco retailers acting as mere conduits, it is unnecessary for the Court to address Plaintiffs' claims that the tobacco retailers may have been more than mere conduits.

### 4. Plaintiffs' Motion for Sanctions

■ Plaintiffs cursorily argue that because the tobacco retailers were not fraudulently joined this action must be remanded "with attorney's fees, expenses, and costs assessed against Defendants." In support of this position, Plaintiffs cite only a Louisiana district court case which discusses the awarding of such costs under 28 U.S.C. § 1447(c) and for this reason we consider that statute to be the sole basis for Plaintiffs' request for "sanctions."

In *News–Texan, Inc. v. City of Garland, Tex.*, 814 F.2d 216 (5th Cir.1987), the United States Court of Appeals for the Fifth Circuit observed that 28 U.S.C. § 1447(c) permits "an award of 'just costs' if the district court finds that 'the case was removed improvidently and without jurisdiction' and that the language of section 1447(c) does not require bad faith as a precondition to an award of costs." *Id.* at 220 (citations omitted). The Court finds that Defendants' attempt to re-

---

4. Plaintiffs argue further that the recent passage of the Tort Reform Act of 1993 by the Mississippi Legislature, signed into law by Governor Kirk Fordice on February 18, 1993, codifies *Reeves* and eliminates the common law "mere conduit" defense Defendants claim exists under *Shainberg*. The procedural provisions of that Act do not take effect until July 1, 1993, and all other provisions apply to actions filed on or after July 1, 1994. Furthermore, that part of the Act which addresses the liability of sellers of defective products expressly states that "[n]othing in this section shall be construed to eliminate any common law defense to an action for damages caused by a product."

move this action does not warrant the imposition of the sanctions allowed under 28 U.S.C. § 1447(c) and that Plaintiffs' motion should therefore be denied.

### III. Conclusion

Pursuant to the foregoing analysis, IT IS HEREBY ORDERED that the Motion of Plaintiffs to Remand and for Sanctions is granted in part and denied in part. The motion is granted as to the issue of remand and this matter is hereby remanded to the First Judicial District of Hinds County, Mississippi. Plaintiffs' request for sanctions is denied.

SO ORDERED.