Antwun **CLARK**, Plaintiff

v.

Phil **WILLIAMSON**, d/b/a Phil's Auto Sales, and General Motors Corporation Defendants

Civil Action No. 3:00–CV–47WS.

United States District Court, S.D. Mississippi, Jackson Division.

Aug. 2, 2000.

---

Ralph E. Chapman, Chapman, Lewis & Swan, Clarksdale, MS, for plaintiff.

Marc L. Boutwell, Boutwell Law Office, Lexington, Jameson B. Carroll, Philip E. Holladay, Jr., Rachel E. van der Voort, King & Spalding, Atlanta, GA, Rhonda C. Cooper, Rhonda C. Cooper, Jackson, MS, for defendants.

### *ORDER*

· WINGATE, District Judge.

This matter is before the court pursuant to the motion of the plaintiff to remand this cause to the Circuit Court of Holmes County, Mississippi, pursuant to Title 28 U.S.C. § 1447(c).[1] Plaintiff contends that defendant's removal of this case was improper inasmuch as this court lacks diversity jurisdiction as required by Title 28 U.S.C. § 1332.[2] On January 19, 2000, the defendant General Motors Corporation removed the plaintiff's state court complaint to this court pursuant to Title 28 U.S.C. § 1441(a),[3] contending that plaintiff had stated no claim cognizable under Mississippi law against the sole non-diverse defendant Phil Williamson, d/b/a Phil's Auto Sales (hereinafter "Williamson"). For the following reasons, this court finds the plaintiff's motion to remand is well taken and that the defendant's removal of this case to federal court was not appropriate.

---

**1.** Title 28 U.S.C. § 1447(c) provides in pertinent part that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a) .... If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

**2.** Title 28 U.S.C. § 1332(a) provides in pertinent part that "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States; ...."

**3.** Title 28 U.S.C. § 1441(a) states in pertinent part that, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

## PERTINENT FACTS

On December 13, 1996, the plaintiff Antwun Clark suffered serious injuries in an automobile accident. The car plaintiff drove on that day was a 1984 Buick Park Avenue allegedly purchased from Williamson at his place of business called Phil's Auto Sales. Plaintiff says that he lost control when attempting to avoid collision with another vehicle. The car rolled over, says plaintiff, the door came open, and the plaintiff was ejected from the car, thereby causing the plaintiff's injuries. Plaintiff contends that the doors and door latch mechanisms on the car were defective, and that the car as a whole was not designed to withstand the impact of a collision.

## THE PLAINTIFFS' COMPLAINT

▮ The plaintiff's complaint asserts that his injuries were proximately caused by the negligence of the defendants Williamson and General Motors in failing to design a vehicle that was capable of withstanding a foreseeable impact; and for installing defective doors and door latches. The complaint also states that both Williamson and General Motors are liable under the doctrine of strict liability in tort because they placed a defective product into the stream of commerce which resulted in injury to the plaintiff. The complaint makes many assertions regarding the design and manufacture of the car in question and imputes the failure to design a safe and crashworthy vehicle to both Williamson and General Motors. While the defendants argue that the complaint fails to identify specifically Phil's Auto Sales or Williamson as the party who sold the car to the plaintiff, this court finds enough stated in the complaint to give notice that this is the assertion being made by the plaintiff. Under Rule 8 of the Mississippi Rules of Civil Procedure, it is only necessary that the pleadings provide sufficient notice to the defendant of the claims and grounds upon which relief which is sought.

*Dynasteel Corp. v. Aztec Industries, Inc.,* 611 So.2d 977, 984 (Miss.1992); *see also Comet Delta, Inc. v. Pate Stevedore Company of Pascagoula, Inc.,* 521 So.2d 857, 860 (Miss.1988), holding that a complaint must set out allegations from which the elements of the claim may be inferred. This court is satisfied that the plaintiff's complaint in the instant case has set out allegations sufficient to give notice of the basis of the plaintiff's claims against Williamson.

## APPLICABLE LAW

### A. Fraudulent Joinder

According to the notice of removal, the defendant General Motors Corporation predicates this court's jurisdiction on diversity of citizenship and an amount in controversy exceeding $75,000.00 as is required by Title 28 U.S.C. § 1332.[4] Plaintiff in this case and defendant Phil Williamson are Mississippi citizens, whereas the corporate defendant General Motors is a non-resident. It is the presence of diversity-destroying in-state defendant Phil Williamson, d/b/a/ Phil's Auto Sales, that, if properly included in the action, prevents federal jurisdiction. General Motors' assertion that the plaintiff's complaint fails to state a claim against Williamson which is cognizable under state law is tantamount to an assertion of fraudulent joinder—the claim that the non-diverse defendant has been joined in the case solely to defeat this court's diversity jurisdiction.

▮ Of course, a removing party bears the heavy burden of proving fraudulent joinder, being required to demonstrate "that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or that there has been outright fraud in the plaintiff's pleadings of jurisdictional facts." *Madison v. Vintage Petroleum, Inc.,* 114 F.3d 514, 516 (5th Cir.1997), citing *B., Inc. v. Miller Brewing*

---

4. Jurisdictional facts are judged by this court as of time the plaintiff's complaint was filed. *St. Paul Reinsurance Company, Ltd. v. Greenberg,* 134 F.3d 1250, 1254 (5th Cir.1998) (noting that subsequent events cannot serve to deprive court of jurisdiction once it has attached).

*Company*, 663 F.2d 545 (5th Cir.1981). In evaluating a claim of fraudulent joinder, the district court must resolve all disputed factual questions and legal ambiguities in favor of the plaintiff. *Id.*

The question of whether the plaintiff in the instant case could establish a claim against Williamson in state court is resolved by reference to Mississippi law. *Hart v. Bayer Corporation*, 199 F.3d 239, 247 (5th Cir.2000). The primary assertions against Phil Williamson, d/b/a Phil's Auto Sales, are negligence and strict liability. Inasmuch as this court finds the possibility that the plaintiff could establish the claim of strict liability against Phil Williamson, d/b/a Phil's Auto Sales, the matter of the negligence claim need not be addressed.

### B. Strict Liability Under Mississippi Law

■ Mississippi adopted the doctrine of strict liability in the case of *State Stove Manufacturing Co. v. Hodges*, 189 So.2d 113 (Miss.1966), *cert. denied*, 386 U.S. 912, 87 S.Ct. 860, 17 L.Ed.2d 784 (1967). There the Mississippi Supreme Court adopted the doctrine as set forth under Section 402A of the American Law Institute's Restatement of Torts (Second) which provides in relevant part as follows:

Special Liability of Seller of Product for Physical Harm to User or Consumer—

(1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if

(a) the seller is engaged in the business of selling such a product, and

(b) it is expected to and does reach the user or consumer without substan-

tial change in condition in which it is sold.

(2) The rule stated in Subsection (1) applies although

(a) the seller exercised all possible care in the preparation and sale of his product, and

(b) the user or consumer has not bought the product from or entered into any contractual relation with the seller.

The Mississippi Supreme Court since has defined the term "seller" simply as a person who sells or contracts to sell goods. *See Scordino v. Hopeman Bros., Inc.*, 662 So.2d 640 (Miss.1995), citing *Volkswagen of America, Inc. v. Novak*, 418 So.2d 801, 804 (Miss.1982); Mississippi Code Annotated § 75–2–103(1)(d) (1972); and 67 Am.Jur.2d Sales § 16 (1985).

In *Coca Cola Bottling Co. v. Reeves*, 486 So.2d 374, 378 (Miss.1986), the Mississippi Supreme Court concluded that "one who sells or distributes as his own a product manufactured by another is subject to liability the same as though he were its manufacturer." This ruling did not specifically overrule the Mississippi Supreme Court's prior decision in *Sam Shainberg Company v. Barlow*, 258 So.2d 242 (Miss. 1972), wherein the Mississippi Supreme Court held that a retailer who serves as a mere conduit of a product between a reputable manufacturer and the ultimate consumer has no duty to inspect for and discover a latent defect in the product. In *Shainberg* the Court expressly refused to extend the rule of strict products liability as expressed in § 402A of the Restatement (Second) of Torts to such retailers. However, the *Shainberg* decision was roundly (some have said severely) criticized in *Coca Cola Bottling Co. v. Reeves.*[5] Neverthe-

---

**5.** As the Mississippi Supreme Court noted in *Reeves*, the *Shainberg* opinion relies upon and quotes from one of the leading treatises in this area of the law: Frumer & Friedman, *Products Liability*, § 18.01, pg. 453 (1970). *See Shainberg*, 258 So.2d at 246. The problem noted by the *Reeves* court was that the section quoted refers only to negligence principles and was never intended to restrict the scope

of the strict liability in tort doctrine. The *Reeves* court went on to note that, "[i]n a subsequent edition, Frumer and Friedman, to our embarrassment, have stated:

It would seem **that the [Shainberg ] court has confused strict liability with liability for negligence**.... With due deference to the [Shainberg ] court and with appreciation for relying on this treatise, it should

less, the Mississippi Supreme Court found the facts in *Reeves* "sufficiently distinguishable from *Shainberg* so that *Reeves* was not considered an appropriate case for overruling *Shainberg*." *Reeves,* 486 So.2d at 379. Even though the *Shainberg* decision was not expressly overruled, the Mississippi Supreme Court has not applied the "mere conduit" theory or cited *Shainberg* as authority in the area of products liability since its ruling in *Reeves.*

Notwithstanding the Mississippi Supreme Court's failure expressly to overrule *Shainberg,* federal courts applying Mississippi law have taken the practical step of regarding it so. In *Butler v. R.J. Reynolds Tobacco Company,* 815 F.Supp. 982 (S.D.Miss.1993), the Honorable Judge William H. Barbour stated that "... this Court finds that the blistering criticism of *Shainberg* found in the *Reeves* opinion, albeit dicta, coupled with the indication in *Reeves* that the Mississippi Supreme Court has unqualifiedly adopted § 402A of the Restatement (Second) of Torts renders *Shainberg* a hollow shell with little, if any, precedential value." In *Bounds v. Joslyn Manufacturing and Supply Company,* 660 F.Supp. 1063 (S.D.Miss.1986), a case cited by the Mississippi Supreme Court in *Scordino v. Hopeman Bros., Inc.,* 662 So.2d 640 (Miss.1995), the Honorable Judge Walter J. Gex stated unequivocally that "[t]he [*Reeves*] court effectively overruled *Shainberg* to the extent that that opinion had established a retailer could not be held strictly liable in tort for selling a defective product." *Id.* 660 F.Supp. at 1066 n. 5. In *Curry v. Sile Distributors,* 727 F.Supp. 1052 (N.D.Miss.1990), the Honorable Judge Neal Biggers found that "*Shain-*

berg, though not explicitly overturned, is no longer the law of Mississippi ... [and][t]he prerequisites for recovery set forth in [*Reeves* ], as a matter of logical necessity, strip *Shainberg* of any precedential value." *Id.* at 1054.

This court agrees with the district court decisions above cited. Moreover, these decisions certainly appear to be congruent with the current thinking of the Mississippi Supreme Court. In *Scordino v. Hopeman Bros., Inc.,* 662 So.2d 640 (Miss. 1995), the Mississippi Supreme Court found that an installer (sub-contractor) of paneling impregnated with asbestos was not a seller of the product as contemplated by Section 402A of the Restatement (Second) because the installer was not a person who sold or who contracted to resell the goods. Strict liability, said the *Scordino* Court, "... depends upon, among other things, whether the defendant is a manufacturer or seller in the business of selling a defective product, citing *Harmon v. National Automotive Parts Association,* 720 F.Supp. 79, 80 (N.D.Miss.1989) ( [t]he statement of the rule makes it obvious that strict liability for injury caused by a defective product is not to be imposed on one who neither manufactures nor sells the products). Thus, it may be inferred from the *Scordino* decision with clarity that those defendants proven to be sellers or manufacturers of defective products which cause injury to the plaintiff will be held liable under Mississippi law pursuant to the doctrine of strict liability."

■■■ In the case *sub judice* it is clear that the plaintiff hopes to prove that Williamson is a seller as defined in *Scordino* who placed a defective product into the stream of commerce which proximately caused the plaintiff's injuries.[6] Thus, if

---

never-the-less be noted that [the section quoted] deals with negligence, not strict liability. While it is true that a retailer is ordinarily under no duty to inspect, strict liability does not require that a supplier be negligent .... **All that is required is that he sell a defective product.** 2A Frumer & Friedman, Products Liability § 19A[1] at 5– 225 to 5–226 (1984)." (Emphasis added). *Reeves,* 486 So.2d at 379 n. 5.

**6.** Recovery under Section 402A requires proof of three elements: (1) that the plaintiff was injured by the product; (2) that the injury resulted from a defect in the product which rendered it unreasonably dangerous; and (3) that the defect existed at the time it left the hands of the seller. *Scordino,* 662 So.2d at 642. Additionally, the plaintiff must be able to show not only that the product was defective when it left the hands of the defendant-

there is any possibility that the plaintiff has stated a cause of action against the non-diverse defendant, this court must conclude that joinder of the non-diverse defendant was and is proper, thereby defeating complete diversity, and the case must be remanded to state court. *Sid Richardson Carbon & Gasoline Company v. Interenergy Resources, Ltd.,* 99 F.3d 746, 751 (5th Cir.1996), citing *Cavallini v. State Farm Mutual Auto Insurance Company,* 44 F.3d 256, 259 (5th Cir.1995). Of course, by this ruling, this court does not predict whether the plaintiff actually, or even probably, will prevail on the merits of the strict liability claim, but looks only for whether the possibility exists that the plaintiff might do so. *Dodson v. Spiliada Maritime Corporation,* 951 F.2d 40, 42–3 (5th Cir.1992). This court is persuaded that a possibility exists in the instant case.

### CONCLUSION

Therefore, pursuant to the foregoing authority, this case is hereby remanded to the Circuit Court of Holmes County, Mississippi, for further proceedings.

seller, but also that the defective product was the proximate cause of the plaintiff's injuries. *Daniels v. GNB, Inc.,* 629 So.2d 595, 600 (Miss.1993), citing *Ford Motor Company v. Matthews,* 291 So.2d 169 (1974).