**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 98-60483
Summary Calendar

DAVID A. BECKETT,

Plaintiff-Appellant-Cross-Appellee,

VERSUS

XEROX CORP.,

Defendant-Appellee-Cross-Appellant,

Appeal from the United States District Court
for the Southern District of Mississippi
(1:97-CV-140-GR)

July 30, 1999

Before DAVIS, DUHÉ and PARKER, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant-Cross-Appellee David A. Beckett appeals the district court's grant of summary judgment against him in this employment discrimination suit. Defendant-Appellee-Cross-Appellant Xerox Corp. challenges the district court's decision not to award costs to Xerox. On both issues, we affirm the judgment of the district court.

A.

Beckett was terminated by Xerox for allegedly exposing himself to a customer's female employee. Beckett sued Xerox claiming breach of contract, intentional infliction of emotional distress,

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and discrimination under the Americans With Disabilities Act ("ADA"). The district court granted summary judgment in favor of Xerox. Beckett now appeals.

The district court correctly dismissed Beckett's claims for intentional infliction of emotional distress. Beckett did not allege facts that could constitute intentional infliction of emotional distress. The facts he alleges at most constitute a simple employment dispute and do not come close to the egregious conduct required for this tort. See, e.g., Grayson v. General Motors Corp., 950 F. Supp. 170, 175 (S. D. Miss. 1996) ("In order to prevail on a claim of intentional infliction of emotion distress, [a plaintiff] must demonstrate that the conduct complained of evoke[s] outrage or revulsion."); see also White v. Walker, 950 F.2d 972, 978 (5th Cir. 1991). In addition, the district court did not abuse its discretion in refusing to permit Beckett to amend his complaint for a second time when Beckett's motion was filed long after the deadline for amending pleadings. See Fed R. Civ. P. 16.

The district court also correctly granted Xerox summary judgment on Beckett's ADA claims. Beckett presented no evidence that Xerox discriminated against him on the basis of his alleged disability of anxiety and depression. At the same time, the evidence clearly demonstrates that Xerox held a good faith belief that Beckett exposed himself to a female employee of a Xerox customer.

Finally, Beckett does not challenge on appeal the district

court's grant of summary judgment on his breach of contract claim.

B.

A district court's decision on costs is reviewed under the abuse of discretion standard.  <u>American States Ins. Co. v. Bailey</u>, 133 F.3d 363, 372 (5th Cir. 1998).  Because Xerox has not convinced us that the district court abused its discretion in declining to award costs to Xerox, we will not disturb the district court's ruling.


For the reasons stated above, the judgment of the district court is


AFFIRMED.