**Joe L. FARRIS, et al., Plaintiffs,**

v.

**The COLEMAN COMPANY, INC., Defendant.**

**No. 2:99CV125–B.**

United States District Court,
N.D. Mississippi,
Delta Division.

Oct. 11, 2000.

Hon. John Stuart Robinson, Jr., Heidelberg & Woodliff, Jackson, MS, for plaintiffs.

Hon. Lewis W. Bell, Hon. James A. Becker, Jr., Watkins & Eager, Jackson, MS, for defendant.

## OPINION

BOGEN, United States Magistrate Judge.

This matter is presently before the court on defendant's Motion for Summary Judgment or in the alternative to Exclude Expert Testimony on the grounds that plaintiffs are unable to prove one or more elements essential to their claims, or in the alternative, that the expert testimony of William I. Noyes does not satisfy the standards for expert testimony formulated by the supreme court in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

Plaintiffs concede that summary judgment is appropriate as to their defective design claims, failure to warn claims and express warranty claim. The remaining claims at issue are plaintiffs' claim of a breach of the implied warranty of merchantability, breach of the implied warranty of fitness for a particular purpose, and

defective manufacturing both in strict liability and negligence.

The parties in the above entitled action have consented to trial and entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit.

## I. SUMMARY JUDGMENT STANDARD

Rule 56, F.R.C.P., provides that summary judgment shall be rendered when the pleadings, depositions, and other discovery on file, together with affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56(c), F.R.C.P. The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial—whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In determining whether this burden has been met, the court should view the evidence introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id.* "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett, supra,* at 322, 106 S.Ct. 2548.

The summary judgment procedure does not authorize trial by affidavit. "Credibili-

ty determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc., supra,* at 255, 106 S.Ct. 2505. Accordingly, a court may not decide factual issues on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protective Systems,* 669 F.2d 1026, 1031 (5 Cir.1982); *Environmental Defense Fund v. Marsh,* 651 F.2d 983, 991 (5 Cir.1981); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.,* 420 F.2d 1211, 1213 (5th Cir.1969).

Under the provisions of Rule 56(e), F.R.C.P., a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett, supra,* at 324, 106 S.Ct. 2548. The facts stated in uncontradicted affidavits or other evidentiary materials must be accepted as true. However, the moving party must still show that he is entitled to judgment on those facts as a matter of law, and if he fails to discharge that burden he is not entitled to judgment, notwithstanding the apparent absence of a factual issue. 6–Pt. 2, Moore, *Federal Practice (2d Ed.),* ¶ 56.22[2], p. 56–777.

Summary judgment is not proper if a dispute about a material fact is "genuine," or, in other words, the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson, supra* at 248, 106 S.Ct. 2505. There is no such issue unless the evidence sufficiently supports the non-moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id.,* at 249, 106 S.Ct. 2505. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the

jury or whether the evidence is so one-sided that one party should prevail as a matter of law. *Id.,* at 251, 106 S.Ct. 2505. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.,* 574 F.2d 824, 826 (5th Cir.1978); *Schuchart & Associates v. Solo Serve Corp.,* 540 F.Supp. 928, 939 (W.D.Tex. 1982).

## II. FACTS

Plaintiff Joe Farris, a long distance trucker, purchased a Coleman thermal electric refrigerator in May 1996. The cooler was electrically powered from a cord that plugged into a cigarette lighter outlet. From May 1996 to December 1997, plaintiff used the cooler during his travels and had no problems with it. On October 29, 1997 plaintiff bought a new 1998 Peterbilt truck in Dallas, Texas, for $100,900.00 and drove it home to DeSoto County, Mississippi. He tested the cooler in the new truck and found that it worked. The truck remained parked in plaintiff's garage until December 16, 1997, when he received a call to work. Plaintiff backed the truck out of the garage, turned the heater and the cooler on and returned to the house to shower. Approximately thirty minutes later plaintiff returned to the truck, opened the door and saw that the cab was full of smoke and the interior on fire. Plaintiff's father doused the flames and extinguished the fire. Plaintiff Canal Insurance Company hired William Noyes to investigate the incident. Canal assessed the truck as a total loss and paid Farris the policy limit of $90,000.00 (minus a $1,000.00 deductible).

## III. EVALUATION OF EXPERT TESTIMONY

*Daubert* instructs a trial judge to determine the admissibility of expert opinion testimony in accordance with Rule 702, Federal Rules of Evidence. 509 U.S. at 589, 113 S.Ct. 2786. Rule 702, F.R.E. provides:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

■ The trial judge's responsibility when, as here, expert testimony is called into question as to its methods or application is to determine "whether the testimony has 'a reliable basis in the knowledge and experience of [the relevant] discipline. 509 U.S. at 592, 113 S.Ct. 2786.'" 526 U.S. 137, 149, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

With these principles in mind, the court turns to the contested issues raised by defendant's motion.

## IV. BREACH OF IMPLIED WARRANTY OF MER-CHANTABILITY

■ The implied warranty of merchantability, found at Miss.Code Ann. § 75–2–314 (Supp.1999) provides that goods to be merchantable must be fit for the ordinary purpose for which such goods are used. MCA § 75–1–314(2)(C). To establish a breach of merchantability, a plaintiff must prove the goods had a defect which caused plaintiff's damage. The plaintiffs' expert, William Noyes, an engineer who acknowledged he was not a fire cause and origin expert, examined the cooler and its power cord after the fire. Mr. Noyes found that the cooler was functioning properly but that the cord which sustained damage in the fire had a short. Mr. Noyes offered no opinion on whether the short existed prior to the fire or resulted from the fire. In addition, Mr. Noyes offered no criticism of the design and manufacture of the cooler and power cord. Mr. Noyes concluded, based upon his inspection of the interior of the cab of the truck, that the fire was caused by resistance heating in the power cord. He was unable, however, to determine the cause of

the resistance heating. Mr. Noyes' conclusion was reached thusly: There was fire damage where the cord was located and a short in the cord, ergo the cord caused the fire. This logic has been condemned by the Fifth Circuit, *Hammond v. Coleman*, 209 F.3d 718 (5 Cir.2000), affirming decision from Southern District, Mississippi at 61 F.Supp.2d 533, 541 (S.D.Miss.1999); *Black v. Food Lion, Inc.*, 171 F.3d 308, 314 (5 Cir.1999), and rejected by the Mississippi Supreme Court. *Ford Motor Co. v. Fairley*, 398 So.2d 216 (Miss.1981) (holding that trouble free service as a matter of law negates a breach of an implied warranty of merchantability).

The plaintiffs have failed to produce sufficient evidence of a defect in the cooler and power cord, and therefore, summary judgment is appropriate on plaintiffs' claim of a breach of the implied warranty of merchantability.

## V. THE IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

 MCA § 75–2–315 codifies the implied warranty of fitness for a particular purpose and provides that where the seller has any reason to know the particular purpose for which the goods are to be used and the buyer relies on the seller's skill or judgment to select the goods, there is an implied warranty the goods are fit for such purpose. MCA § 75–2–315 (Supp.1999). However, Mississippi does not recognize an implied warranty of fitness for a particular purpose when the good is purchased for the ordinary purpose of a good of that kind. *Curry v. Sile Distributors*, 727 F.Supp. 1052 (N.D.Miss.1990); *Tara Motor Co. v. Fairley, supra.* Joe Farris purchased the cooler to keep food and beverages cold—the ordinary purpose for which such a cooler is used. Accordingly, plaintiff's claim for a breach of the implied warranty of fitness for a particular purpose fails.

## VI. DEFECTIVE MANUFACTURING

██ Defendants argue that because plaintiffs can show no defect their claims under strict liability and negligence must fail. Plaintiffs argue that they have shown sufficient circumstantial evidence from which a jury could infer a defect in the product. Plaintiffs must show that the defect was a manufacturing defect, and further must show a causation link between the manufacturing defect and the resulting fire. *See* Miss.Code Ann. § 11–1–63 (Supp.1999). The testimony of plaintiffs' expert does not support the finding of a manufacturing defect. In fact Mr. Noyes stated that he could not render an opinion as to any defect within the cord because it was too badly damaged (Noyes Depo., at 121–22) and that the only defect he discovered, the short in the plug, could have been caused by any number of external factors unrelated to its manufacturing (Noyes Depo., at 122). Further, even if the plug had a manufacturing defect it was Noyes' opinion that the short did not cause the resistive heating that resulted in the fire (Noyes Depo., at 135, 156). Since causation is a key element in plaintiffs' negligence claim, the court finds that this claim, too, fails as a matter of law.

In summary, plaintiffs have offered no evidence of any defect in the cooler or power cord as the cause of the fire. Federal courts in Mississippi have observed that the Mississippi Supreme Court has not permitted recovery on mere proof that damage occurred following the use of a product. *Cuevas v. E.I. DuPont deNemours & Co.*, 956 F.Supp. 1306, 1311 (S.D.Miss.1997), citing *Western Geophysical Co. v. Martin*, 253 Miss. 14, 174 So.2d 706, 716 (1965). Absent proof of a defect, plaintiff's claim must fail.

A separate order in accordance with this opinion shall issue this same date.